**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ENTREPRENUER MEDIA, INC.,

      Plaintiff/Counter-defendant,

                                    Case No. 3:21-cv-784-MMH-PDB

vs.

RUGGED ENTREPRENUER, LLC,

      Defendant/Counter-plaintiff, &

DOES 1-10,

      Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on August 12, 2021, by filing a four-count Complaint (Doc. 1). In the Complaint, Plaintiff includes "Does 1-10," as Defendants to this action. See Complaint at 1. "As a general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). However, under certain circumstances, plaintiffs may sue John Doe defendants, such as when a "plaintiff is unwilling or unable to use a party's real name," or "one may be able to describe an individual . . . without stating his name precisely

or correctly." Moulds v. Bullard, 345 F. App'x 387, 390 (11th Cir. 2009)[1] (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Thus, in Dean, the Eleventh Circuit found that the exception applied where the pro se plaintiff provided a description of the John Doe defendant that "was sufficiently clear to allow service of process" on the correct individual. See Dean, 951 F.2d at 1216. "Conversely, failing to describe unnamed defendants, or merely giving general descriptions without making any timely discovery requests to attempt to ascertain their identities, will properly result in the dismissal of those defendants." Minnis v. Keaton, No. 17-CIV-20575, 2017 WL 2471080, at *8 (S.D. Fla. May 8, 2017) (citing Richardson, 598 F.3d at 738; Moulds, 345 F. App'x at 390) report and recommendation adopted, No. 17-cv-20575, 2017 WL 2464835 (S.D. Fla. June 7, 2017).[2]

In the Complaint, Plaintiff alleges

> Does 1-10 are persons or entities responsible in whole or in part for the wrongdoing alleged herein ("Doe Defendants"). Each of the Doe Defendants participated in, ratified, endorsed, and/or was otherwise involved in the acts complained of, and they have liability for such acts. EMI will amend this Complaint if and when the identities of

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] The Court also notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

2

>such persons or entities and/or the scope of their actions become known.

Complaint at 2. Plaintiff has made no effort to amend its Complaint to identify the unknown Defendants and the deadline for amending the pleadings has passed. See Case Management and Scheduling Order and Referral to Mediation (Doc. 34). The action has been pending for nine months and the parties have been permitted to engage in the discovery process since November 18, 2021. See Case Management Report (Doc. 33) at 1; see also Fed. R. Civ. P. 26(d)(1). Nevertheless, Plaintiff, who is represented by counsel, has not identified the Doe Defendants or sought the issuance of a summons to serve any Doe Defendant. Because the allegations in the Complaint do not describe the Doe Defendants with the requisite specificity and Plaintiff has not utilized the discovery process to identify the unknown Defendants, the Court dismisses Defendants Does 1-10 from this action without prejudice.

Accordingly, it is

**ORDERED**:

1. Defendants Does 1-10 are **DISMISSED without prejudice.**

2. The Clerk of the Court is directed to terminate these Defendants from the Court docket.

**DONE AND ORDERED** at Jacksonville, Florida on May 25, 2022.

*[signature: Marcia Morales Howard]*

MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record